UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

                                    Case No. 23-cr-204-pp

   v.

MALACHI MUHAMMAD,

          Defendant.

---

## ORDER DENYING LETTER MOTION TO CHANGE HEARING TIME (DKT. NO. 45)

---

On November 7, 2023—over two years ago—a grand jury indicted the defendant on multiple counts of financial aid fraud. Dkt. No. 1. The defendant was arrested in the district of Nevada three days later, and appeared in this district on January 31, 2024. Dkt. No. 4.

On June 21, 2024, the parties jointly asked the court to adjourn the trial until a date after January 2025, and to set a deadline for filing a plea agreement of October 1, 2024. Dkt. No. 12. The court granted that motion and scheduled the trial for January 27, 2025; it set a deadline of October 1, 2024 by which an executed plea agreement must be filed. Dkt. No. 14. Defense counsel (at that time, Assistant Federal Defender Julie Linnen) twice asked for an extension of the deadline by which to file a plea agreement. Dkt. Nos. 19, 21. The court granted the motions; its last order extended the deadline to March 6, 2025. Dkt. No. 22. No plea agreement was signed by that date. On March 12, 2025, the government filed a motion asking the court to hold a

1

hearing to discuss "developments" in the case and discuss modifying the trial schedule. Dkt. No. 23.

The court granted that request, and at a March 26, 2025 hearing, Attorney Linnen informed the court that she'd been contacted by someone from Attorney Odalo Ohiku's office, representing that by day's end, Attorney Ohiku would be retained to represent the defendant. Dkt. No. 26. She advised the court that Attorney Ohiku's office had asked her to ask the court to extend the plea agreement deadline to the following week. Id. at 1. The court agreed to extend only the plea agreement deadline, and extended that deadline to April 3, 2025. Id. at 2. Attorney Ohiku filed his notice of appearance on March 31, 2025, dkt. no. 28, but no plea agreement was filed by April 3.

At an April 9, 2025 status conference, the court granted Attorney Ohiku's request to adjourn the trial dates and set another status conference for May 15, 2025. Dkt. No. 30. At the May 15 hearing, Attorney Ohiku asked for more time to review the discovery; the court set another status conference for August 1, 2025. Dkt. No. 32. At the August 1 hearing, Attorney Ohiku again asked for more time; the court granted a final extension and set a status conference for October 10, 2025. Dkt. No. 34.

On October 10, Attorney Ohiku asked the court to schedule a change-of-plea hearing. Dkt. No. 37 at 1. The court advised counsel that it does not schedule a change-of-plea hearing until there is an executed plea agreement on the docket. Id. The court scheduled another hearing for October 31, 2025; it stated that if there was an executed plea agreement on the docket by that date,

the court would schedule a change-of-plea hearing. If there was no plea

agreement on the docket, the parties would be required to appear for a

scheduling conference to select dates for a final pretrial conference and trial.

Id. As of the October 31, 2025 hearing, there was no executed plea agreement

on the docket, so the court scheduled a five-day trial for May 11, 2026. Dkt.

No. 39. It set a deadline of January 16, 2026 for the defendant to file an

executed plea agreement if he wanted to be eligible for a reduction for

acceptance of responsibility. Id. at 1.

On December 11, 2025—just over two years from the date of

indictment—the government filed an executed plea agreement. Dkt. No. 41. The

court immediately scheduled a change-of-plea hearing for 1:30 p.m. on

January 28, 2026. Dkt. No. 42.

At 3:02 p.m. on the afternoon of January 27, 2026—less than twenty-

four hours before the scheduled change-of-plea hearing—the court received

from Attorney Ohiku a motion to adjourn the change-of-plea hearing. Dkt. No.

43. The motion stated:

> There was confusion as to whether January 28, 2026 was a deadline
> for which Mr. Muhammad was required to file Plea Agreement and
> not the actual Plea Hearing. Mr. Muhammad resides in Las Vegas,
> Nevada and is unable to appear in person tomorrow, January 28,
> 2026. I have contacted [the prosecutor] and am authorized to inform
> the Court that she does not object to an adjournment. However, if
> granted, her office does request that this matter be rescheduled as
> soon as the Court's calendar permits.

Id.

For reasons the court will explain, it had concerns about this request.

Nonetheless, on January 28, 2026, the court granted the motion and

3

adjourned the change-of-plea hearing to February 12, 2026—just over two weeks later. Dkt. No. 44. In the intervening two weeks, the court has heard nothing from the defendant or Attorney Ohiku.

At 2:38 p.m. on Tuesday, February 10, 2026—a day and a half before the adjourned February 12, 2026 change-of-plea hearing—the court received a letter from Attorney Ohiku. Dkt. No. 45. The letter states:

> I write to respectfully request to be allowed to appear in the morning for the Plea Hearing scheduled on February 12, 2026 at 1:30p. I have a scheduling conflict. Since November 26, 2025, I have been scheduled for a Motion Hearing in Waukesha County Circuit court before Comm. Daniel Rieck (Haririe and Haririe, Case No.: 24FA795) at 1:30P and, without my input, I have been recently scheduled for a Motion Hearing in Dane County Circuit Court before Comm. Alberto J. Quiroga (Courtney L. Grinde vs. Collin G. Culb, Case No.: 21FA1482) at 12P. Please grant this request. Thank you.

Id.

The court will deny this letter request. This is the second request to reschedule the defendant's change-of-plea hearing. The first request made little sense; the court had scheduled a deadline of January **16**, 2026 for the defendant to execute a plea agreement if he wanted to be considered eligible for acceptance points. Attorney Ohiku's vague, passive-voice statement that "[t]here was confusion" about whether the January **28**, 2026 *hearing date* was the deadline for filing that agreement makes little sense, given that the agreement had been filed on December 11, 2025. Attorney Ohiku filed his first request for an adjournment less than twenty-four hours before the scheduled change-of-plea hearing. Although he said that his client could not appear from Nevada the next day, he did not explain why he had not been in touch with his

4

client sooner to discuss whatever he and his client understood was supposed to happen on January 28. Regardless, the court granted the adjournment.

Because the government asked for the adjourned hearing to be scheduled as soon as practicable, and because the court had its own concerns about any delay of the hearing, the court rescheduled the hearing for February 12, 2026. The court calendared that hearing, and sent notice of it, on January 28, 2026—two and a half weeks before the new hearing date. Yet Attorney Ohiku waited two weeks, until the afternoon of February 10, 2026, to notify the court that he had a conflict. The conflict he identifies is one that he says has been on his calendar since *November* 2025—in other words, on the date that he received notice of the adjourned change-of-plea hearing, he was aware that he had a hearing scheduled in state court. He could have immediately contacted the prosecutor and this court to ask for a different date—especially knowing that in this case, his client lives out-of-state and would have to make travel arrangements. He did not do so.

Attorney Ohiku also says that "recently," he'd been scheduled for a noon hearing in Dane County Circuit Court (without his input) on February 12. He does not explain what he means by "recently." He does not explain why, if the Dane County court scheduled the February 12 hearing *after* this court had scheduled the change-of-plea hearing, he cannot ask the Dane County court to adjourn—again, especially given that his client in this federal case lives out of state.

5

Nor does Attorney Ohiku explain whether his client has made arrangements to be in Milwaukee for the February 12 hearing, whether his client will arrive in time for a morning hearing or whether he has contacted the government to ask if the prosecutor would be available for a morning hearing.

This court already has a hearing scheduled for the morning of February 12, 2026, as well as meetings at 12:30 p.m. and 3:00 p.m. Attorney Ohiku appears to assume that the court, the government and probation all will be free and available to change their schedules within thirty-six hours.

The court gave the defense some forty-five days to make arrangements to appear for the first-scheduled change-of-plea hearing. It granted the first request to adjourn despite its tardiness and the fact that the basis for the request made little sense. It gave the defense over two weeks to make arrangements to appear for the second change-of-plea hearing. The court will not rearrange its schedule, or ask the government and probation to rearrange their schedules, under these circumstances.

The court **DENIES** Attorney Ohiku's letter motion to change the time of the 1:30 p.m. change-of-plea hearing on February 12, 2026. Dkt. No. 45.

Dated in Milwaukee, Wisconsin this 11th day of February, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6